ASOCIACIÓN PUERTORRIQUEÑA DE IMPORTADORES DE AUTOMÓVILES USADOS, INC., ET AL., Plaintiffs and Appellees, *v.* ÁNGEL M. RIVERA, as SECRETARY OF THE TREASURY ET AL., Defendants and Appellants.

No. R-70-170.      Decided October 18, 1971.

*Gilberto Gierbolini, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for appellants. *Máximo Ruiz Jiménez* for appellees.

MR. JUSTICE MARTÍNEZ MUÑOZ delivered the opinion of the Court.

The Asociación Puertorriqueña de Importadores de Automóviles Usados, Inc., and others challenged, through injunction, the validity of several provisions of the Regulations promulgated by the Secretary of the Treasury and approved by the Governor to implement Act No. 80 of June 25, 1969, 13 L.P.R.A. § 4034(f), amending the Excise Act of Puerto Rico. By said Act salesmen are required to affix certain information on the motor vehicles to which it may be applicable.

Of the ten (10) rule provisions challenged, five (5) were declared void by the Superior Court because they were, in its opinion, in conflict with Act No. 80 of June 25, 1969, and consequently, it ordered the Secretary of the Treasury and the Administrator of the Consumers Service Administration to refrain from enforcing them.

Defendants appeal to this Court assigning four errors. Actually all of them center on the authority of the Secretary of the Treasury to approve the rule provisions which were declared void by the Superior Court and, therefore, they may be considered as only one assignment of error.

Act No. 80 amended subsection "F" of § 34 of the Excise Act of Puerto Rico, 13 L.P.R.A. § 4034(f). The amendment consisted in authorizing the Secretary of the Treasury to furnish free of cost to any person who so requests, information of the price at factory and the taxable price of any motor vehicle introduced in Puerto Rico. Besides, it also imposed the obligation on all persons or entities engaged in the purchase-sale of motor vehicles to affix on the windshield, or in any other visible place of the vehicle, in a clear and correct manner which is easily readable, the following information:

"(1) Name of the natural or artificial person, his postal address and the address of the premises of the business where the vehicle is displayed for sale as well as the name and address of the introducer of same and the date of its introduction.

"(2) Make, model and motor and body serial number of the vehicle.

"(3) Taxable price of vehicle in Puerto Rico, its cost at factory, the transportation cost charged to the distributor, the amount of the taxes and the amount that would be paid by reason of the license.

"(4) If the vehicle is new, the taxable price, the amount of taxes and the sale price suggested by the manufacturer of any optional equipment installed on the vehicle in Puerto Rico."

Appellees' position is essentially that the disclosure of the facts required by the five (5) rule provisions object of this

appeal were not included in the Act, it being understood, therefore, that they were excluded. On the other hand, appellants support the validity of the provisions challenged on the ground, not of the words of the Act, but of the legislative intent of placing the automobile purchaser in a better position to make a wise investment.

The rapid change which we have witnessed in Puerto Rico during the last years is of general knowledge; from a rural society and economy to an urban and industrial one. The marketing, distribution, and consumption methods is only one of so many areas of change which we have seen taking place in the Island. The economical activity generated by the automobile is a very important example of this transformation. We are told that between 1950 and 1971 the registry of motor vehicles increased twelve times, from 57,000 to 685,600. The total dependence of thousands of families on the automobile as means of individual transportation is a living experience. Long ago the motor vehicle ceased to be a luxury item; in Puerto Rico it is almost a necessity. By the end of the fiscal year 1970–71, there was one motor vehicle registered for every four persons. During the fiscal year which concluded on June 30, 1971, the value or taxable price of new and used imported automobiles amounted to one hundred seventy-two and a half million dollars. In only two months— July and August of this year—the figure reached more than twenty-eight million dollars.[1]

█ The power to regulate this important economical activity should not be questioned.[2] The legislative measure

---

[1] Official figures of the Department of the Treasury, Bureau of General Excise Taxes.

[2] There exists federal legislation, for purposes similar to ours applicable to manufacturers and dealers of automobiles, known by the name of "Disclosure of Automobile Information Act," 72 Stat. 325–326; 15 U.S.C.A. §§ 1231–1233. In the case of *Plymouth Dealers' Ass'n of Northern Cal.* v. *United States*, 279 F.2d 128, C.A. Cal. 1960, it is said: ". . . [t]he purpose of the [law] was to prevent misbranding, abuse of caravan car prices and

answers, as it is set forth in the report of the House Treasury Committee (23 *Diario de Sesiones* 2107), to the *public need* of placing the purchaser in a position of doing a *wise investment* through the disclosure of a *breakdown* of the items "included in the sale price" of the vehicle. Although Act No. 80 which amended subsection "F" of § 34 of the Excise Act does not authorize the Secretary of the Treasury to issue any regulations whatsoever, yet, under § 78 of said Act, 13 L.P.R.A. § 4078, said officer was empowered in general terms to approve ". . . such rules and regulations as in his judgment are necessary for the administration and enforcement of this subtitle."

The Regulations, 13 R.&R.P.R. § 4034-4, prescribe that it shall be the duty of every dealer who introduces and has for sale motor vehicles, to affix on the front windshield or in any other visible place of said vehicle a form which shall be prescribed by mutual consent by the Secretary of the Treasury and by the Administrator of the Consumers Service Administration, where the dealer shall set forth his name and address, the date of introduction of the vehicle, the description, make, model, motor serial number, and certain data concerning the transportation cost, amount of taxes, and taxable price in Puerto Rico. As far as the cost is concerned it requires the disclosure of the *sale price fixed* for new and used vehicles; and the *price charged by the dealer* for the optional equipment installed in new vehicles in Puerto Rico. In used vehicles, besides that fact, the publication of the sale price *suggested* by the dealer for the optional equipment installed in Puerto Rico is required.

In *Ex Parte Irizarry*, 66 P.R.R. 634, 638 (1946), we stated the rule of law that:

the 'packing'. . . ." This is the practice of raising the manufacturer's list price in order to permit offering a larger trade-in price for the used automobile.

". . . when the legislature delegates to a board or person powers to promulgate rules, the latter, to be valid, cannot be in conflict with the norms established in the law [citations]. The purpose in delegating the power of promulgating rules was no other than to carry out the execution of the law, but this power may never be exercised in such a manner as to cause the intention of the legislator to be substituted by that of the board or person authorized to make the regulations."

There exist in the case at bar some differences of substance, not of form, between the text of § 34 (f) of the Excise Act and the provisions of the Rules to which we have referred.[3]

■ Thus we see that the Act enumerates a series of facts which the dealer should affix on a visible place of the new or used vehicle. These are the taxable price, its cost at factory, the transportation cost, the amount of the taxes, and the amount that would be paid by reason of the license. 13 L.P.R.A. § 4034(f)(3). The Act does not provide anything about the *selling price*. And we do not find anything in its background that justifies that it may be modified through regulations. If anything appears therefrom, it is that the lawmaker's intent was that "a breakdown of the items included in the selling price" should be disclosed. The sum of all these items obviously does not constitute the selling price. The dealer's *gross profit* is missing. This fact is not required by the Act. In the absence of a clear and specific authorization of the statute it cannot be required through regulations. Besides, the selling price is a fact which the purchaser knows, perhaps the first he wants to know in order to carry out the purchase later. Knowing all the other facts required, the manner of acquiring said information does not preclude him from making a wise investment.

---

[3] We are not delivering judgment as to the desirability of offering to the purchaser of automobiles additional information to that required by Act No. 80 of 1969, for that is a function clearly incumbent upon the Legislature.

An equal result must prevail in regard to those provisions of the Regulations which require that the *price charged* by the dealer for each optional equipment installed in Puerto Rico on new and used vehicles be set forth, and also, in regard to the used vehicles it requires the *sale price suggested* by the dealer. Paragraph (4) of subsection (f) of § 34 of the Act provides:

"4. *If the vehicle is new,* the taxable price, the amount of taxes and the sale price suggested by the *manufacturer* of any optional equipment installed in the vehicle in Puerto Rico." (Italics ours.)

It is self-evident that as far as the optional equipment is concerned the data required refers to the equipment installed in Puerto Rico "if the vehicle is new" expressly enumerating the same. Contrary to what the Regulations provide, the Act does not require that the "price charged by the dealer for each piece of equipment" be included, nor as far as this item is concerned, that it should appear on the used cars.

██ Although appellants have the primary power of implementing through regulations the provisions of the Act involved herein, as we held in *Rosario Mercado* v. *San Juan Racing Assn.*, 94 P.R.R. 605, 614 (1967), ". . .[t]he text of the law should never be understood as modified or substituted by the Regulations." It is thus, particularly when as in the case at bar the Regulations seek to make an offense[4] out of the violation of rule provisions not contemplated by law. *Ex Parte Irizarry, supra.*

The judgment appealed from will be affirmed.

---

[4] 13 R.&R.P.R. § 4034–14(b):

"(b) All persons violating the provisions of Act No. 80, approved June 25, 1969 [13 L.P.R.A. § 4034], or of this division, if found guilty by a competent court, shall be fined not less than 100 dollars nor more than 2,000 dollars or to confinement in jail for not less than 30 days, nor more than 1 year. For each subsequent offense, both penalties, fine and imprisonment, shall be imposed."

⸱ Mr. Chief Justice Negrón Fernández and Mr. Justice Martín did not participate herein.